HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HENRY GOSSAGE, | CASE NO. C16-5051 RBL |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| MERIT SYSTEM PROTECTION BOARD, | DKT. #8 |
| Defendant. | |

THIS MATTER is before the Court on Defendant Merit System Protection Board's Motion to Dismiss [Dkt. #8]. Plaintiff Henry Gossage, a veteran with a felony conviction, applied to work for the Department of Labor, Occupational Safety & Health Administration, in 1995 and 2000. Both times, OSHA requested to bypass him for employment because of his felony, and the Office of Personnel Management consented, finding Gossage "unsuitable" and temporarily barring him from federal employment. Gossage's first appeal to the MSPB was unsuccessful. During the pendency of his second appeal, the OPM rescinded its 2000 unsuitability determination. Gossage alleges the MSPB conspired to deprive him of his due process rights by withholding the OPM's rescission decision until June 2011, when he received a FOIA response. He asks the Court to "vacate and void" the MSPB's decisions against him.

In fact, Gossage learned of the OPM's decision at least as early as October 2004, when he pled that fact in a complaint filed before the Court. *See Gossage v. OPM*, No. 04-5669-RJB, Complaint, Dkt. #1 at ¶¶2.15–2.16. He reiterated it in another complaint filed in May 2006. *See Gossage v. United States*, No. 06-5299-RJB, Complaint, Dkt. #1 at ¶2.17. Gossage also sued on similar grounds in *Gossage v. Terrill*, No. 12-00631-JCC, where he alleged the defendants violated his due process rights by concealing the OPM's rescission decision. *See* Complaint, Dkt. #1 at ¶3.19–3.20; Order, Dkt. #26. He also petitioned the Federal Circuit for review of a related 2000 MSPB decision. *See also Gossage v. MSPB*, 513 Fed. Appx. 981 (Fed. Cir. 2013).

The MSPB argues that (1) the Court lacks subject matter jurisdiction because the United States has not waived sovereign immunity for the claims Gossage alleges, and (2) even if the Court has jurisdiction, Gossage's claims are barred by the doctrine of *res judicata*. It asks the Court to dismiss Gossage's claims under Federal Rules of Civil Procedure 12(b)(1), (6). Gossage argues that (1) if the Court lacks jurisdiction, it should remand the matter to state court, and (2) all courts have jurisdiction to vacate a void judgment or order.

## DISCUSSION

### I. Standard of Review.

"With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction." *Autery v. United States,* 424 F.3d 944, 956 (9th Cir. 2005). When considering a motion to dismiss pursuant to Rule 12(b)(1), the Court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *see also Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). "[I]f the jurisdictional issue and substantive claims are so intertwined that resolution of

the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment." *Rosales v. United States,* 824 F.2d 799, 803 (9th Cir. 1987).

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the Court may deny leave to amend. *See Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

**B.     Jurisdiction and Res Judicata.**

The United States is immune from suit unless it consents to be sued. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980). A federal agency, such as the MSPB, cannot be sued without authorization from Congress. *See* 28 U.S.C. § 2679(a); *see also Gerritsen v. Consulado General de Mexico*, 989 F.2d 340, 343 (9th Cir. 1993).

Gossage has not demonstrated that the United States has waived its sovereign immunity as to his claims. Moreover, the Court lacks jurisdiction to grant Gossage the relief he seeks, because the United States Court of Appeals for the Federal Circuit has original jurisdiction to review adverse MSPB decisions. *See* 5 U.S.C. § 7703.

Even if the United States has consented to be sued—and this Court has jurisdiction—the doctrine of *res judicata* bars Gossage's claims. *Res judicata*, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (*quoting Western Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir.1997)). The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* All of these elements are present here. *C.f. Terrill*, No. 12-00631-JCC.

Lastly, Gossage's sixteen-year old claims are time-barred. *See MSPB*, 513 Fed. Appx. at 983.

## CONCLUSION

The MSPB's Motion to Dismiss is GRANTED [Dkt. #8], and because the addition of new factual allegations could not cure Gossage's redundant pleading, his claims are DISMISSED with prejudice.

1  Gossage's Motion to Remand [Dkt. #13] and Motion to Compel Discovery [Dkt. #18] are

2  DENIED as moot.

3  IT IS SO ORDERED.

4  Dated this 23rd day of March, 2016.

*[signature]*

Ronald B. Leighton
United States District Judge

DKT. #8 - 5